# UNITED STATES DISTRICT COURT
for the
Southern District of California

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>White Apple iPhone with a black case, bearing SKU: CLNRAPLXS64S-DPC, H/M/D 357201097250230, seized under FBI case number 305B-SD-3792532 | )<br>)<br>)  Case No.  **23mj4058-DEB**<br>)<br>)<br>) |

**APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS**

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A, incorporated herein by reference.

located in the ___Southern___ District of ___California___, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, incorporated herein by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18, USC sec. 2422(b) | Attempted Coercion and Enticement of a Minor |

The application is based on these facts:
See Attached Affidavit of Special Deputy US Marshal Steven Anderson, incorporated herein by reference.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days: _____)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Steven C. Anderson*
Applicant's signature

Steven Anderson, Special Deputy U.S. Marshal
Printed name and title

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by ___telephone___ *(specify reliable electronic means)*.

*Daniel A Butcher*
Judge's signature

Date: 11/03/2023

City and state: San Diego, California       Hon. Daniel E. Butcher, U.S. Magistrate Judge
Printed name and title

# AFFIDAVIT IN SUPPORT OF APPLICATION FOR SEARCH WARRANT

I, Steven Anderson, Police Officer with the National City Police Department, Task Force Officer with the San Diego Human Trafficking Task Force, and Special Deputy United States Marshal, being duly sworn, hereby state as follows:

## INTRODUCTION

1. I make this affidavit in support of an application for a search warrant to search the following electronic device, as described in Attachment A and seize evidence of crimes, specifically, violations of Title 18, United States Code, Section 2422(b), as more particularly described in Attachment B:

> White Apple iPhone with a black case, bearing SKU: CLNRAPLXS64S-DPC, H/M/D 357201097250230, seized under FBI case number 305B-SD-3792532 (**Target Device**)

This search supports an investigation conducted by the FBI and San Diego Human Trafficking Task Force (SDHTTF) into **James Edward Marlett (MARLETT)** who is suspected of committing one or more of the crimes mentioned above. A factual explanation supporting probable cause follows.

2. The **Target Device** was seized following the arrest of MARLETT for attempting to persuade, induce, entice, and coerce an individual whom he believed was under the age of 18 to engage in unlawful sexual activity for which a person could be charged with a criminal offense. The **Target Device** is currently in the possession of the FBI.

3. Based on the information below, there is probable cause to believe that a search of the **Target Device** will produce evidence of the aforementioned crimes, as described in Attachment B.

1

4. The information set forth in this affidavit is based on my own personal knowledge, knowledge obtained from other individuals during my participation in this investigation, including other law enforcement officers, my review of documents and computer records related to this investigation, communications with others who have personal knowledge of the events and circumstances described herein, and information gained through my training and experience. Because this affidavit is submitted for the limited purpose of obtaining a search warrant for the **Target Device**, it does not set forth each and every fact that I or others have learned during the course of this investigation, but only contains those facts believed to be necessary to establish probable cause.

## EXPERIENCE AND TRAINING

5. I am currently employed as a peace officer with the National City Police Department (NCPD) and have been so employed since December of 2015. I am currently assigned as a Task Force Officer (TFO) on the San Diego Human Trafficking Task Force (SDHTTF), where I investigate pimping, pandering, sex trafficking, and labor trafficking. My previous assignments have included the Patrol Division and Homeless Outreach Team.

6. My experience as a peace officer has included the investigation of cases involving the use of computers and the internet to commit crimes. I have received training and gained experience in interviewing and interrogation techniques, arrest procedures, search warrant applications, the execution of searches and seizures, computer evidence seizure and processing, and various other criminal laws and procedures. I have personally participated in the execution of search warrants involving the search and seizure of cellular telephones, social media accounts, and other electronic devices.

7. Through my training, experience, and consultation with other law enforcement officers, I have learned that:

2

a. There are certain characteristics common to many individuals involved in sexually exploiting children online and receiving, distributing or collecting child pornography.

b. Those who sexually exploit children online and exchange or collect child pornography may receive sexual gratification, stimulation, and satisfaction from contact with children; from fantasies they may have viewing children engaged in sexual activity or in sexually suggestive poses, such as in person, in photographs, or other visual media; or from literature and communications about such activity.

c. Those who sexually exploit children online and trade or collect child pornography may collect sexually explicit or suggestive materials, in a variety of mediums, including photographs, magazines, motion pictures, video tapes, books, slides or drawings, or other visual media, including digital files. Child pornography collectors oftentimes use these materials for their own sexual arousal and gratification. Further, they may use these materials to lower the inhibitions of children they are attempting to seduce, to arouse the selected child partner, or to demonstrate the desired sexual acts.

d. In recent cases, some people who have a sexual interest in children have been found to download, view, then delete child pornography on a cyclical and repetitive basis, and to regularly delete any communications about the sexual abuse of children rather than storing such evidence on their computers or digital devices. Traces of such activity can often be found on such people's computers or digital devices, for months or even years after any downloaded files have been deleted.

e. When images and videos of child pornography or communications about sexual abuse of children are stored on computers or computer servers, forensic evidence of the downloading, saving, and storage

3

of such evidence may remain on the computers or digital media for months or even years even after such images and videos have been deleted from the computers or digital media.

  f. Computers, to include mobile computing devices such as smartphones, and the internet have revolutionized the way in which child pornography is produced, distributed, and utilized. They have also revolutionized the way in which those who have a sexual interest in children interact with each other and with minors; adding to the methods used by child pornography collectors to trade child exploitation materials and to sexually exploit children online. Computers and the internet serve four functions in connection with child pornography and the sexual exploitation of minors.  These are production, communication, distribution, and storage.

  g. Internet-based communication structures are ideal for the child pornography collectors or those seeking to sexually exploit children. Having both open and anonymous communication capabilities allows the user to maintain their anonymity while locating others of similar inclination, or to hide their true identity while seeking out minors online. Once contact has been established, it is then possible to send messages and graphic images to other trusted child pornography collectors, or to convince a child to send such images or meet for the purpose of sexual activity. Individuals seeking to engage in such activities can use standard internet connections to communicate with one another and distribute pornography. These communication links easily facilitate contacts around the world. Additionally, these communications can be quick, relatively secure, and as anonymous as desired.

  h. A growing phenomenon related to smartphones and other mobile computing devices is the use of instant messaging through mobile

applications. Mobile applications, also referred to as "apps," are small, specialized programs downloaded onto mobile devices that enable users to perform a variety of functions, including engaging in online chat or playing a game. Examples of such apps include LiveMe, Kik, Snapchat, Meet24, and Instagram.

**FACTS IN SUPPORT OF PROBABLE CAUSE**

8.  On July 19, 2023, an Undercover Investigator (UC) with the San Diego Internet Crimes Against Children (ICAC) Task Force, posted an advertisement on Craigslist[1]. The title of the advertisement said, "NEW cellphone (National City)". The body of the advertisement stated, "help me get a new phone my parents wont……. Willing to "work" for it IYKYK". "IYKYK" is an acronym that stands for "If you know you know".

9.  Subject, JAMES EDWARD MARLETT (MARLETT), responded to the post via Gmail asking, "What kind of "WORK" are you willing to do?" He asked her if she was a female, and if she was into "sexual favors". The UC continued to communicate with MARLETT on Gmail. The UC told MARLETT she was thirteen years old, and MARLETT asked her if she was a virgin. He also told the UC he had erectile dysfunction and the only thing he could do was eat her "juicy wet kitty". MARLETT wanted to know more about her past sexual experiences and asked for a picture of her. The UC sent MARLETT the phone number and they began communicating via the Apple iMessage service. Once MARLETT and the UC began texting, he moved the conversation immediately to a sexual nature and said, "and you would be okay with my tongue going inside of you?" The UC asked him "inside where" MARLETT replied, "Down there, your sweet juicy wet p---y". He

---

[1] An internet-based website used for viewing and posting local advertisements. It works like the classified section of a newspaper.

5

continued asking her about past sexual experiences and wanted to know if she had orgasms or masturbated. As MARLETT described how he wanted to perform oral copulation on her, the UC disclosed to him she was actually twelve years old. MARLETT disclosed he was seventy-four years old. They continued communicating in a sexual manner, and MARLETT told the UC the youngest person he had been with was a fourteen-year-old, when he was eighteen years old. They continued texting, and MARLETT offered to give her an iPhone 5 and continuous meetings in the future. MARLETT proposed meeting the UC for sex the next day, and they concluded their chats for the night.

10. On July 20, 2023, the UC and MARLETT continued texting. MARLETT offered to pick up the UC at Chick-Fil-A in National City for the previously discussed sexual favors in exchange for an iPhone and her dirty underwear. He asked if she could wear her underwear "camel toe style" and asked her if she had a lot of discharge. MARLETT sent the UC a picture of his vehicle, a 2019 Audi convertible (California License Plate 9BQK351) and told her he would be there at 1430 hours.

11. Records check through law enforcement databases confirmed MARLETT's identifying information revealed his name was JAMES EDWARD MARLETT with California driver's license number R0088677, residing at 805 Valley Avenue, Solana Beach, California 92075. MARLETT's vehicle is registered to his home address.

12. On July 20, 2023, MARLETT was stopped by uniformed National City Patrol Units as he parked his vehicle at the Chick-Fil-A parking lot located at 400 Mile of Cars Way, National City, CA. 91950. Inside of MARLETT's left front pants pocket, was a white Apple iPhone with a black case, bearing SKU: CLNRAPLXS64S-DPC, H/M/D 357201097250230 (**Target Device**).

13. During a post-Miranda interview, MARLETT admitted to the interaction with the UC posing as a twelve-year-old on Craigslist, then over email, and text messages. MARLETT used his true phone number while communicating with the UC. MARLETT acknowledged the fact that he was meeting a twelve-year-old for oral copulation. MARLETT also admitted to agreeing to exchange an iPhone 5 for a pair of the twelve-year old's dirty underwear. Upon his arrest, an iPhone 5 was discovered in his vehicle after a consent search. MARLETT also consented to a search of his cellphone where the messages between MARLETT and the UC were located.

14. During the course of the investigation, the email address edmarlett@gmail.com was identified as being associated with MARLETT. On or about August 8, 2023, a subpoena was sent to Craigslist for information from June 1, 2023 to July 20, 2023 related to several identifiers including the edmarlett@gmail.com email address. The responsive information included numerous posts from the June 1, 2023 to July 20, 2023 period[2] in which the Craigslist user utilizing the edmarlett@gmail.com address sought out young females with suggestive sexual references such as "I'm still looking for something young, juicy & wet! if you know where I can find them, HMU", "young Female worn chonies ! If you want to get paid for some well used under clothing HMU", and "I'm still looking for used Chonies Especially from the young! I will pay 30$ to 35$ for the right ones, Interested? HMU".

15. Based on the facts of this case, I believe that evidence of child exploitation crimes may be found on the **Target Device**. Additionally, the search

---

[2] The responsive information also included posts from prior to June 1, 2023 in which the Craigslist user utilizing the edmarlett@gmail.com email address specifically sought out adult females.

of the **Target Device** may also identify other victim or individuals engaged in child exploitation.

## METHODOLOGY

16.  It is not possible to determine, merely by knowing the mobile electronic device's make, model and serial number, the nature and types of services to which the device is subscribed and the nature of the data stored on the device. Mobile electronic Device, including cellular telephones and tablets, can be simple cellular telephones and text message Device, can include cameras, can serve as personal digital assistants and have functions such as calendars and full address books and can be mini-computers allowing for electronic mail services, web services and rudimentary word processing. An increasing number of cellular service providers and installable software now allow for their subscribers and users to access their device over the internet and remotely destroy all of the data contained on the device. For that reason, the device may only be powered in a secure environment or, if possible, started in "flight mode" which disables access to the network. Unlike typical computers, many mobile electronic Device do not have hard drives or hard drive equivalents and store information in volatile memory within the device or in memory cards inserted into the device. Current technology provides some solutions for acquiring some of the data stored in some mobile electronic device models using forensic hardware and software. Even if some of the stored information on the device may be acquired forensically, not all of the data subject to seizure may be so acquired. For Device that are not subject to forensic data acquisition or that have potentially relevant data stored that is not subject to such acquisition, the examiner must inspect the device manually and record the process and the results using digital photography. This process is time and labor intensive and may take weeks or longer.

17. Following the issuance of this warrant, I will collect the **Target Device** and subject them to analysis. All forensic analysis of the data contained within the **Target Device** and their memory cards will employ search protocols directed exclusively to the identification and extraction of data within the scope of this warrant.

18. Based on the foregoing, identifying and extracting data subject to seizure pursuant to this warrant may require a range of data analysis techniques, including manual review, and, consequently, may take weeks or months. The personnel conducting the identification and extraction of data will complete the analysis within ninety (90) days, absent further application to this court.

**GENUINE RISK OF DESTRUCTION OF DATA**

19. Based upon my experience and training, and the experience and training of other law enforcement agents with whom I have communicated, electronically stored data may be permanently deleted or modified by users possessing basic computer skills. In this case, no genuine risk of destruction exists as the property to be searched is already in the custody of law enforcement personnel.

**PRIOR ATTEMPTS TO OBTAIN DATA**

20. Law enforcement previously reviewed content stored within the **Target Device** as set forth in paragraph 13, above.

//
//
//
//
//
//
//

# CONCLUSION

21.  Based on the foregoing, I believe there is probable cause to believe items that constitute evidence, fruits, and instrumentalities of violations of federal criminal law, namely, 18 U.S.C. §§ 2422(b) as described in Attachment B will be found in the properties to be searched, as provided in Attachment A.

*Steven C. Anderson*
_____
Steven Anderson
Police Detective / TFO
Special Deputy U.S. Marshal

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone on this 3rd day of November, 2023.

*Daniel E. Butcher*
_____
HONORABLE DANIEL E. BUTCHER
United States Magistrate Judge

# ATTACHMENT A
# ITEMS TO BE SEARCHED

The property/items to be searched is/are described as follows:

    White Apple iPhone with a black case, bearing SKU: CLNRAPLXS64S-DPC, H/M/D 357201097250230, seized under FBI case number 305B-SD-3792532 **(Target Device)**

The **Target Device** is currently being held at FBI San Diego Field Office located at 10385 Vista Sorrento Parkway, San Diego, CA, 92121.

# ATTACHMENT B
# ITEMS TO BE SEIZED

Authorization to search the cellular telephone described in Attachment A includes the search of disks, memory cards, deleted data, remnant data, slack space, and temporary or permanent files contained on or in the cellular telephones. The seizure and search of the cellular telephones will be conducted in accordance with the affidavit submitted in support of the warrant.

The evidence to be seized from the cellular telephones will be electronic records, communications, and data such as emails, text messages, photographs, audio files, video, telephone numbers, contact information, web browsing history, documents, data stored within applications, and location data, for the period from June 1, 2023 up to and including July 20, 2023:

a. Tending to indicate efforts to facilitate the coercion and enticement of a minor and sexual exploitation of a minor;

b. Tending to identify evidence of receipt, storage, or solicitation of sexually explicit content from regarding, or of minors under the age of 18;

c. Tending to identify accounts, facilities, storage devices, and/or services—such as email addresses, IP addresses, and VOIP phone numbers—used to facilitate the coercion and enticement of a minor and sexual exploitation of a minor;

d. Tending to identify evidence indicating how and when the cellular devices were accessed or used to determine the chronological and geographic context of account access, use, and events relating to the crime under investigation and to the device owner;

e. Tending to identify evidence, including but not limited to communications, images, videos, audio files, search and web history, or notes, indicating the

      device owner's knowledge and intent as it relates to the coercion and enticement of a minor and sexual exploitation of a minor;

f. Tending to identify the user of, or persons with control over or access to, the cellular devices; and/or

g. Tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data involved in the activities described above.

**which are evidence of violations of Title 18, United States Code, Sections 2422(b)**

      The seizure and search of the cellular phones shall follow the procedures outlined in the methodology section in the supporting affidavit. Deleted data, remnant data, slack space, and temporary and permanent files on the cellular phones may be searched for the evidence above.